IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| KENT MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:11-cv-04320-NKL |
| | ) | |
| MIDWEST CONTAINER RECONDITIONING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

Pending before the Court is a motion for default judgment [Doc. # 7] filed by Plaintiff Kent Moss and a motion to dismiss filed by Defendants Midwest Container Reconditioning, LLC, and Steve Hopper [Doc. # 10]. Because Hopper has filed a motion of bankruptcy [Doc. # 12], this action is stayed as to him and the Court at this time only addresses these motions as they relate to Midwest.

On November 29, 2011, Moss filed a Complaint against Midwest and Steve Hopper. The process server's affidavit states that Midwest and Hopper were served on January 6, 2012. Neither Midwest nor Hopper filed an Answer by January 27, 2012. On February 9, 2012, Moss filed a motion for default judgment for failure to answer. Midwest and Hopper then filed a motion to dismiss for insufficiency of service. Midwest

1

alleges that the Complaint was served on a part-time, temporary employee who did not have authority to accept the service. Hopper alleges that he was not served.

A motion to dismiss all or part of a pleading based upon insufficiency of service of process must be raised in the moving party's first motion or responsive pleading. FED.R.CIV.P. 12(h)(1). Further, the party challenging the validity of service bears the burden of proof on that issue. *See Bally Exp. Corp. v. Balicar*, *Ltd.*, 804 F.2d 398, 405 (7th Cir. 1986); *see also Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir.1955). Under the Federal Rules of Civil Procedure, a summons may be served on a business by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." FED. R. CIV. P. 4(h)(1)(B). The Federal Rules of Civil Procedure also allow service by any means allowed under the applicable state's law. FED. R. CIV. P. 4(e)(1). In Missouri, service may be accepted by "a managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof." Mo. Rev. Stat. § 506.150.

Moss argues that Midwest waived its right to argue that process was insufficient because Midwest did not raise the argument in an answer or pre-answer motion as required by Federal Rules of Civil Procedure 12(b). Moss offers no analysis of the facts of this case but simply concludes that the rule applies to waive Midwest's argument. This argument is not persuasive. Moss admits that Midwest has not filed an answer, and Moss

has not argued, and the docket sheet does not reflect, that Midwest has filed any other pre-answer motion. The Court thus rejects Moss's argument.

Midwest does not, however, meet its burden of proving insufficient service of process. Midwest merely alleges that Moss served a "temporary and part-time office assistant" in Midwest's office who is not an agent authorized to accept service. This is not enough to prove insufficiency of service; the employee is not required to be a managing or general agent of the business, but merely must be in charge of the office at the time of service. *See Kennon v. Citizens Mut. Ins. Co.*, 666 S.W.2d 782, 785 (Mo. Ct. App. 1983) (finding an issue of fact existed on the sufficiency of service where an affidavit stated the employee was merely a clerical worker but "failed to state [that worker] did not have charge of the office at the time of service."). Because Midwest alleges no facts stating that the employee was not in charge of the office, this motion to dismiss fails.

Moss requests a default judgment because of Midwest's failure to answer. Under the Federal Rules of Civil Procedure, a default judgment should only be granted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55. While Midwest failed to respond within twenty-one days of service, and there are not facts showing the service of process was insufficient, the Court exercises its discretion to deny default judgment because of a "judicial preference for adjudication on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Because Midwest

had a colorable argument for insufficient service of process and has responded to the current motion, Midwest had demonstrated an ability and willingness to defend this suit on the merits, and default judgment is not appropriate. *See id.*

Accordingly, it is hereby ORDERED that Moss's motion for default judgment [Doc. # 7] is DENIED as to Defendant Midwest, and Defendant Midwest's motion to dismiss for insufficient service of process [Doc. # 10] is DENIED. The Court does not address either motion as it pertains to Defendant Hopper. Having rejected Midwest's argument that service of process was insufficient, the Court orders Midwest to respond to the complaint within twenty-one days of this Order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 30, 2012
Jefferson City, Missouri