IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KENT MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:11-CV-04320-NKL |
| | ) |
| MIDWEST CONTAINER | ) |
| RECONDITIONING, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff Kent Moss's Motion for Entry of Default Judgment Against Defendant Midwest Container Reconditioning, LLC ("Midwest Container"). [Doc. # 24]. On November 11, 2009, Moss filed a three-count Complaint against Midwest Container, claiming violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, and Missouri state laws for Midwest Container's alleged failure to pay minimum wages and overtime.[1] [Doc. # 1]. A summons was issued for Midwest Container on January 3, 2012, and service for Midwest Container was completed on January 6, 2012, [Doc. # 4]. After Midwest Container failed to respond, Moss moved for default judgment. [Doc. # 7]. On February 27, 2012, attorneys Harry D. Boul and Shelley L. Forrest of Boul & Associates, P.C. appeared on behalf of Midwest Container. [Doc. # 8]. Midwest Container filed suggestions in opposition to Moss's motion for default judgment and moved to dismiss Moss's Complaint for insufficient service of

---

[1] The Complaint also named Steve Hopper as a defendant, but Hopper has since been dismissed as a party to this case. [Doc. # 26].

1

process. [Doc. # 10]. On April 30, 2012, the Court denied Moss's motion for default judgment as well as Midwest Container's motion to dismiss and ordered Midwest Container to respond to the Complaint within twenty-one days. [Doc. # 13].

After Midwest Container failed to respond, Moss filed a second motion for default judgment on May 22, 2012. [Doc. # 15]. On May 25, 2012, Harry D. Boul and Shelley L. Forrest moved to withdraw as attorneys for Midwest Container, [Doc. # 17], and the Court granted their request, [Doc. # 18]. No attorney(s) appeared on behalf of Midwest Container at anytime thereafter. Midwest Container did not respond to Moss's second motion for default judgment and the Court entered an order for Midwest Container to show cause why the motion should not be granted. [Doc. # 19]. After Midwest Container failed to respond to the show cause order, the Court entered default against Midwest Container. [Doc. # 22]. Midwest Container did not respond to the entry of default and Moss accordingly filed the present motion for entry of default judgment.

The Court having reviewed the Complaint, Moss's Motion for Default Judgment, and Moss's affidavit in which Moss sets forth the amount of unpaid overtime he worked during his employment with Midwest Container; the Court finds and orders as follows:

**WHEREAS,** Plaintiff properly served Defendant Midwest Container and Midwest Container continues to be nonresponsive;

**WHEREAS,** the Court previously entered default against Defendant Midwest Container pursuant to Federal Rule of Civil Procedure 55(a);

**WHEREAS,** Plaintiff filed his application for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b);

**WHEREAS,** Plaintiff specifically and adequately itemized his damages in his affidavit, which provided the best means available for determining the amount of damages, and provided proper legal support for such damages in his motion for default judgment; and

**WHEREAS,** Defendant Midwest Container was properly provided notice of Plaintiff's default motion and failed to object or otherwise respond,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

(1)     Plaintiff's Motion for Entry of Default Judgment Against Defendant Midwest Container Reconditioning, LLC, [Doc. # 24], is GRANTED and JUDGMENT AGAINST DEFENDANT MIDWEST CONTAINER RECONDITIONING, LLC IS ENTERED IN THE AMOUNT OF $36,173.41;

(2)     Plaintiff must file a Motion for Attorney's Fees and Costs with suggestions in support within fourteen (14) days of this Order or any right to such fees and casts shall be waived.  *See* Fed. R. Civ. P. 54.


SO ORDERED, this 15th day of January, 2013.


> s/ NANETTE K. LAUGHREY
> NANETTE K. LAUGHREY
> United States District Judge